
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 2 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEISHA DUKE, ET AL., | § | |
| Plaintiffs, | § § § | |
| VS. | § | NO. 4:17-CV-987-A |
| WELLS FARGO BANK N.A. BANK N.A., ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of (1) defendants Judge Fite and Beverly McDonald (together, "Judge Fite"), (2) Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), (3) Codilis & Stawiarski, P.C., and Sarah Cox (together, "Codilis"), and (4) Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss. Plaintiffs, Keisha Duke and Keenan Duke, have failed to respond to the motions, which are ripe for ruling. The court, having considered the motions, the record, and applicable authorities, finds that the motions should be granted.

I.

### Background

On December 12, 2017, plaintiffs filed a document titled "Claim" that has been docketed as their complaint. Doc.[1] 1. The complaint itself comprises seven pages and has 115 pages of

---

[1]The "Doc.___" reference is to the number of the item on the docket in this action.

exhibits attached.[2] The causes of action are identified as trespass, uttering a forged instrument, fraud, conspiracy against rights, unjust enrichment, mail fraud, and falsifying documents.

The "facts of the case" section of the document alleges: On August 9, 2006, Keenan and Claire Duke acquired property at 5924 Walden Trail, Arlington, Texas. In 2012, Keenan fell ill and transferred full ownership of the property to Keisha (who calls herself "Prosecutor"). Keenan and Claire have no record of having received a loan from Wells Fargo, so they stopped paying. Wells Fargo identified itself as servicer and owner of a note and then, as debt collector, threatened to foreclose in May 2014. Wells Fargo provided a a copy of a Texas Home Equity Note and Texas Equity Deed of Trust, but plaintiffs do not believe these are valid documents. Barrett Daffin, as debt collector, sent a notice of foreclosure signed by Felecia Clark. Fay Servicing sent a notice claiming to be the new servicer. Judge Fite sent materials saying that it had been hired to market the property. Codilis sent a notice to vacate the property, stating that its client had purchased the property at foreclosure sale on November 7, 2017. Doc. 1.

---

[2] The court is proceeding as though both plaintiffs are proper parties, although only plaintiff Keisha Duke has signed any of the documents filed in this action. A pro se party can act only on his or her own behalf. Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205, 210 & n.11 (5th Cir. 2016).

Plaintiffs seek to recover $40,787,800.00 and other equitable relief. Doc. 1 at 7.

II.

Grounds of the Motions

Judge Fite urges that plaintiffs have failed to allege any facts to support a cause of action against it.

Barrett Daffin and Codilis likewise urge that plaintiffs have failed to allege sufficient facts to state a plausible cause of action against them. They additionally urge that they are entitled to attorney immunity as they have been sued solely as counsel representing clients.

Wells Fargo urges a number of grounds in support of its motion, among them that plaintiffs have failed to allege sufficient facts to state a claim against it and also that plaintiffs' claims are barred by res judicata based on an earlier action before the court.

III.

Applicable Legal Standards

A. Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Fraud claims are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and must be pleaded with particularity. Sullivan v. Leor Energy, L.L.C., 600 F.3d 542, 550-51 (5th Cir. 2010). Thus, the plaintiff

5

must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Id., at 551. See Benchmark Elecs., Inc. v. J.M Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B. Res Judicata

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. Dean v. Mississippi Bd. of Bar Admissions, 394 F. App'x 172, 175 (5th Cir. 2010). In making such a ruling, "[t]he court may consider documents attached to or incorporated

6

in the complaint and matters of which judicial notice may be taken." United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003). In addition, the court may take judicial notice of the record in a prior related proceeding over which it presided, and may dismiss a complaint sua sponte under principles of res judicata. Arizona v. California, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.").

IV.

Analysis

The sole reference to Judge Fite in the complaint is at page 5 where plaintiffs allege: "Judge Fite deposits material signed by Beverly McDonald on November 10, 2017 claiming PROF-2013-S3 LEGAL TITLE TRUST IV as client. (EXHIBIT P)." Doc. 1 at 5. Exhibit P, in turn, consists of six form pages giving notice that Judge Fite has been retained as real estate agent following foreclosure and that plaintiffs might be entitled to a relocation assistance settlement offer. Id. at 114-19. There are simply no facts pleaded that would support any cause of action against Judge Fite.

7

The sole reference to Codilis in the complaint is at page 5 where plaintiffs allege: "Codilis & Stawiarski, P.C. deposits material signed by Sarah COX November 14, 2017 claiming PROF-2013-S3 LEGAL TITLE TRUST IV (EXHIBIT Q)." Doc. 1 at 5. Exhibit Q, in turn, is a two-page letter giving notice to vacate the property. Id. at 121-22. These facts are insufficient to state any cause of action against Codilis.

The complaint does contain several references to Barrett Daffin as follows:

> [Barrett Daffin]; a debt collector; deposits material claiming to be agent of [Wells Fargo] is the owner and servicer of a loan and to have custody of the original contract securing their rights in a Complaint May 2016.
>
> . . .
>
> [Barrett Daffin]; a Debt Collector; deposits material dated November 10, 2016 signed by Felecia Clark that threatens to sell my property on December 6, 2016 for their own benefit or [Wells Fargo] without mention of PRMF. (EXHIBIT I)
>
> . . .
>
> [Barrett Daffin]; a Debt Collector; deposits material signed by Felecia Clark that threatens to sell my property on July 4, 2017 for their own benefit or PROF-2013-S3 LEGAL TITLE TRUST IV as agent or conspiring with Fay Servicing (EXHIBIT N)
>
> . . .
>
> [Barrett Daffin] again deposits materials signed by Felecia Clark which threatens to sell my property November 6, 2017. (EXHIBIT O)

Doc. 1 at 4-5. Exhibit I is a notice of substitute trustee's sale to take place on December 6, 2016. Id. at 75. Exhibit N is a notice of substitute trustee's sale to take place on November 7, 2017. Id. at 105. Exhibits I and N are addressed to Claire Duke, who is not a party to this action. Id. at 74, 104. And, Exhibit O is a notice of substitute trustee's sale to take place on July 4, 2017. Id. at 110. That sale did not take place. The facts alleged do not support any cause of action against Barrett Daffin.

As a general rule, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client. Cantey Hanger, L.L.P. v. Byrd, 467 S.W.3d 477, 481 (Tex. 2015). Attorneys have a right to practice their profession and to advise their clients without making themselves liable for damages. Kruegel v. Murphy, 126 S.W. 343, 345 (Tex. Civ. App.-- Dallas 1910, writ ref'd). Attorneys participating in non-judicial foreclosure are immune from suits such as this one. Campbell v. Mortgage Electronic Registration Sys., Inc., No. 03-11-00429, 2012 WL 1839357, at *5-6 (Tex. App.--Austin May 18, 2012, pet. denied). See Troice v. Proskauer Rose, L.L.P., 816 F.3d 348 (5th Cir. 2016)(attorney immunity under Texas law is true immunity from suit). The record reflects that Codilis and Barrett Daffin were acting on behalf of clients in sending the communications about which plaintiffs complain. Plaintiffs have not pleaded any

facts to suggest that these attorney defendants are not entitled to such immunity.

Finally, Wells Fargo is mentioned throughout the complaint. It is apparent that plaintiffs take the position that Wells Fargo did not have any rights in the property, although the documents attached to the complaint and documents submitted by Wells Fargo of which the court takes judicial notice show that Wells Fargo is the successor in interest to World Savings Bank, FSB, the original lender. Further, on November 29, 2016, Wells Fargo assigned the deed of trust at issue to Prof-2013-S3 Legal Title Trust IV, by U.S. Bank National Association, as Legal Title Trustee. Plaintiffs allegations are conclusory and nonsensical. They appear to allege that no loan was made to Keenan Duke, yet they have made thousands of dollars of payments and admit that they are in default. They do not allege facts sufficient to state a plausible claim against Wells Fargo. See Doc. 33 at 12-22 for a thorough discussion of the reasons why plaintiffs' claims fail.

Under Fifth Circuit law, "res judicata [] is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)). The doctrine precludes the relitigation of

claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action. Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983). Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by res judicata. Procter & Gamble, 376 F.3d at 499. In Nilsen, the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated.

701 F.2d at 560 (emphasis in original). See also Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff

11

bases the two actions on the same nucleus of operative facts.");
Petro-Hunt, LLC v. United States, 365 F.3d 385, 395-96 (5th Cir.
2004) (prior judgment's preclusive effect extends to all rights
of plaintiff "with respect to all or any part of the transaction,
or series of connected transactions, out of which the [original]
action arose.").

In this case, all four elements of res judicata are met as
to the claims of Keisha Duke ("Keisha"). First, Keisha has
brought an action against the same defendant, Wells Fargo, in two
lawsuits. Second, the judgment in the prior action, No. 4:17-CV-
590-A, was rendered by this court, which is a court of competent
jurisdiction. Third, the prior action was concluded by a final
judgment on the merits, as all claims and causes of action in the
prior action were dismissed with prejudice for failure to state a
claim upon which relief might be granted. Fourth, the claims and
causes of action raised by Keisha in both actions were related to
her interest in the same property and revolved around her belief
that Wells Fargo had acted wrongfully in relation to the lien on
the property and foreclose of that lien on the property. Thus,
all of Keisha's claims in the instant action could have been
brought in the prior action, and must be dismissed.[3]

---

[3]As Wells Fargo notes, it appears that Keenan Duke is in privity with Keisha and that she has
(continued...)

12

V.

Order

For the reasons discussed herein,

The court ORDERS that the motions to dismiss be, and are hereby, granted, and that plaintiffs' claims against Judge Fite, Codilis, Barrett Daffin, and Wells Fargo be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims against these defendants.

SIGNED March 2, 2018.

_____
JOHN McBRYDE
United States District Judge

---

³(...continued)
been purporting to represent his interests throughout the proceedings in reference to the property. Nevertheless, the court need not determine if Keenan's claims are barred by res judicata because he simply has not stated a plausible claim.